**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**COURT FILE NO.:**

| | |
|---|---|
| FRED PONDER,<br><br>       Plaintiff,<br>v.<br><br>OCWEN LOAN SERVICING, LLC, a foreign limited liability company, EQUIFAX INFORMATION SERVICES, LLC, a domestic limited liability company, TRANS UNION, LLC, a foreign limited liability company, and EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation,<br><br>       Defendants. | **CIVIL ACTION FILE NO.**<br><br>_____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. This Court has jurisdiction over this matter pursuant to the Fair Credit Reporting Act, 15 U.S.C. Section 1681(p). Venue lies in the Northern District of Georgia as Plaintiff's claims arose from acts of Defendants perpetrated therein.

1

## *PRELIMINARY STATEMENT*

2. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. sections 1681 *et seq*. ("FCRA").

3. Plaintiff is a natural person and is a resident and citizen of Clayton County, the State of Georgia, and the United States.

4. Plaintiff is a "consumer" as defined by sections 1681 a(c) of the FCRA.

5. Ocwen Loan Servicing, LLC ("Ocwen") is a national Mortgage Servicing entity doing business in the State of Georgia.

6. Ocwen is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

7. Equifax Information Services LLC, ("Equifax"), is a domestic limited liability company entity licensed to do business in the State of Georgia.

8. Equifax is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of

furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

9. Trans Union LLC, ("Trans Union"), is a foreign limited liability company licensed to do business in the state of Georgia.

10. Trans Union is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

11. Experian Information Solutions, Inc. ("Experian"), is a foreign corporation licensed to do business in the State of Georgia.

12. Experian is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## *FACTUAL ALLEGATIONS*

13. Plaintiff realleges and incorporates paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of Defendants.

15. On or about November 1, 2011, Ocwen acquired servicing rights for Plaintiff's mortgage account, which is numbered ending in 6718 ("Account").

16. Despite the fact that Plaintiff was not delinquent on payments, this account had been "charged off" prior to Ocwen's acquisition of servicing rights and was misreported by Ocwen from November of 2011 until May of 2016. On information and belief, the original charge off of the Account occurred in 2009 during the pendency of Plaintiff's Chapter 13 bankruptcy.

17. From about November of 2011, Ocwen started and continued to report false, derogatory information to credit reporting agencies including Trans Union, Equifax and Experian, stating Plaintiff was delinquent on the Account (the "Ocwen Representations").

18. During this period, Plaintiff attempted on multiple occasions to obtain credit for his company, The Ponder Media Group, LLC, but was denied credit.

19. In or about April of 2014, Plaintiff tried to acquire a car loan and was denied, leading him to determine that Ocwen continued to incorrectly report his mortgage status on his credit report.

20. From April of 2014 through May of 2015, Plaintiff contested Ocwen's report directly to all Defendants in this action on multiple occasions.

21. On all occasions that Plaintiff disputed Ocwen's report, Ocwen disagreed that Ocwen's report of account ending in 6718 was improperly reported.

22. Ocwen re-verified the Ocwen Representations to Trans Union, Equifax and Experian repeatedly. Trans Union, Equifax and Experian then merely parroted the information back to third parties through their credit reporting database.

23. Trans Union, Equifax and Experian failed in their duties to reinvestigate the claims by Plaintiff.

24. As a result of the derogatory information reported by Ocwen, Plaintiff abstained from applying for credit, had adverse action taken on existing credit accounts and was denied credit. Plaintiff has sustained actual damages including emotional distress and pecuniary loss.

25. On May 20, 2016, as the result of a complaint lodged by Plaintiff with the CFPB, Ocwen notified Plaintiff as follows: "upon researching your

concerns, it was determined that the account had been charged off prior to Ocwen's acquisition of servicing rights and as such, a new credit-reporting line should not have been established. A charge off is a declaration that a portion of the debt is unlikely to be collected. In accordance with the charge off, we removed our credit-reporting trade line associated with this account."

### FIRST CLAIM FOR RELIEF AGAINST OCWEN

26. Plaintiff realleges and incorporates paragraphs 1 through 25 above as if fully set out herein.

27. Ocwen violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the Ocwen Representations within Plaintiff's credit file with Equifax, Trans Union, and Experian without also including a notation that this debt was disputed; by failing to fully and properly investigate Plaintiff's disputes of the Ocwen Representations; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax; by failing to accurately respond to Trans Union; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to

prevent the re-reporting of the Ocwen Representations to the consumer reporting agencies.

28. As a result of this conduct, action and inaction of Ocwen, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

29. Ocwen's conduct, action and inaction was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

30. Plaintiff is entitled to recover costs and attorney's fees from Ocwen in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

31. Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set out herein.

32. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

33. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

34. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

35. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

36. Plaintiff realleges and incorporates paragraphs 1 through 35 above as if fully set out herein.

37. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful

reinvestigation; by failing to forward all relevant information to Ocwen; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

38. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

39. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### FIRST CLAIM FOR RELIEF AGAINST TRANS UNION

41. Plaintiff realleges and incorporates paragraphs 1 through 40 above as if fully set out herein.

9

42. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

44. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### SECOND CLAIM FOR RELIEF AGAINST TRANS UNION

46. Plaintiff realleges and incorporates paragraphs 1 through 45 above as if fully set out herein.

47. Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Ocwen; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

48. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

49. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

51. Plaintiff realleges and incorporates paragraphs 1 through 50 above as if fully set out herein.

52. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

53. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

54. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

55. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

56. Plaintiff realleges and incorporates paragraphs 1 through 55 above as if fully set out herein.

57. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Ocwen; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

58. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

59. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

60. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### *PRAYER FOR RELIEF*

61. THEREFORE, Plaintiff prays that this Court grant the following relief as against Defendants:

   a) actual damages;

   b) punitive damages;

   c) attorney's fees and costs; and

   d) such other relief as this court deems appropriate.

<u>JURY TRIAL DEMANDED</u>

Dated: November 3, 2016

        Respectfully submitted,

        **SMITH, WELCH, WEBB & WHITE, LLC**
        By: <u>s/Orion G. Webb</u>
        Orion G. Webb, Esq.
        Georgia Bar No. 479611
        280 Country Club Drive
        Suite 300
        Stockbridge, GA  30281
        T. (770) 389-4864
        F. (770) 389-5193
        owebb@smithwelchlaw.com
        **Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

This is to certify that on November 3, 2016, I electronically filed Plaintiff's COMPLAINT with the Clerk of Court using the CM/ECF system and provided all parties with a Notice and Waiver of the Service of Summons.

        **SMITH, WELCH, WEBB & WHITE, LLC**

        **/s/ Orion G. Webb**
        ORION G. WEBB
        Georgia State Bar No. 479611
        Attorney for Plaintiff

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Plaintiff's counsel hereby certifies that this pleading has been prepared with one of the font and point selections approved by the Court in L.R. 5.1.

        **SMITH, WELCH, WEBB & WHITE, LLC**

        **/s/ Orion G. Webb**
        ORION G. WEBB
        Georgia State Bar No. 479611
        Attorney for Plaintiff