# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FRED PONDER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION FILE NO. |
| § | 1:16-CV-04125-ODE-LTW |
| OCWEN LOAN SERVICING, LLC, § | |
| *et. al.*, § | |
| § | |
| Defendants. § | |

## REPLY BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND RELATED PRETRIAL DEADLINES

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), hereby files its Reply Brief in Support of its Motion for Extension of Time to Complete Discovery and Related Pretrial Deadlines (Doc. 120), and respectfully shows the Court as follows:

Plaintiff has objected to an extension of discovery arguing that good cause has not been shown for such an extension request. Plaintiff is wrong. In fact, a closer review of the record in this case demonstrates that it is Plaintiff (and his counsel) who have unnecessarily and unreasonably delayed and prolonged this litigation both in the pleading stages and in the discovery process—not Ocwen.[1]

---

[1] Plaintiff filed his original Complaint in November 2016, alleging a single FCRA claim against Ocwen. (Doc. 1.) Then, in January 2017, Plaintiff unexpectedly filed an Amended Complaint. The Amended Complaint added claims against Ocwen for negligence and for alleged violations under the FDCPA and RESPA. (Doc. 16.) Ocwen

As noted by Ocwen's counsel in multiple other filings (e.g., Doc. 102, 116, 135), Plaintiff has repeatedly served grossly disproportionate, repetitive, voluminous written discovery exceeding 200 written requests to which Ocwen has rightly objected. Plaintiff has further delayed these proceedings by attempting to circumvent the discovery procedures of this Court through the issuance of non-party Subpoenas seeking the very same documents Ocwen has objected to producing. As a result of Plaintiff's tactics, Ocwen filed motions to quash in three other jurisdictions and, as permitted by the Federal Rules, has filed related motions seeking protection from the harassing irrelevant discovery in this Court.

Because of all of these pending motions and related discovery disputes (including one dispute still pending before the Court, Docs. 99, 102), Ocwen has been unable to move forward with its deposition, Plaintiff's deposition, or expert discovery. That said, it is Ocwen's position that there is only limited discovery left to conduct. Ocwen has no intention of dragging this case out longer than absolutely necessary, and it is not seeking an extended amount of time to complete these depositions. To be clear, Ocwen would welcome a scheduling order that limits the

---

moved to dismiss the amended pleading, and Plaintiff sought leave to amend his Complaint a second time. (Doc. 53.) Ocwen moved to dismiss the Second Amended Complaint, which motion was granted in part and denied in part. (Doc. 70.) Discovery only began in January 2019, per the Court's an initial scheduling order. (Doc. 84.)

71673658v.4 1006335/01554

amount of discovery that can proceed, including the parameters of Plaintiff's deposition—which Plaintiff's counsel has refused to consent to schedule, the number and scope of 30(b)(6) topics for Ocwen's deposition, any expert discovery (including depositions and identification of any rebuttal experts), and any further discovery necessitated by the Court's rulings on the pending motions.[2]

For Plaintiff's counsel to assert that Ocwen has not "participat[ed] in discovery" is simply untrue. To the contrary, the record reflects that Ocwen has spent considerable time and effort issuing its own written discovery, and responding and objecting to the ridiculous amount written discovery issued by Plaintiff's counsel to Ocwen, as well as the many subpoenas served upon non-parties. Clearly, if not for the way Plaintiff's counsel has chosen to conduct discovery in this matter, discovery would be much farther along.

In light of the foregoing, it is clear that Ocwen has shown good cause to modify the Court's previous orders related to discovery and scheduling in this case. *Land Res. Companies, LLC v. Enterkin*, 1:04-CV-1969-CC, 2005 WL 8154761, at *3 (N.D. Ga. July 7, 2005) (in a "good cause" inquiry, "the Court's focus is on ascertaining whether [the party seeking the extensions] could not have reasonably

---

[2] Ocwen does not believe that any further depositions or discovery relating to the non-party Subpoenas is required for the adjudication of this case. However, based on the responses filed by Plaintiff, it appears he disagrees.

met the deadline[s] set forth in the Scheduling Order despite its diligence"). Despite the diligence Ocwen has shown by serving its own discovery requests, participating in the third-party depositions of the credit reporting agencies, and spending countless hours combatting Plaintiff's harassing and disproportionate discovery in this Court and in others around the country (see, e.g., Docs. 79, 87, 89, 98, 102, 112, 115-116, 135), the parties have not been able to meet the discovery and pre-trial deadlines previously set by the Court.  Ocwen has not previously requested an extension of these deadlines, and discovery has only been ongoing since January 2019.

For these reasons and for the reasons set forth in Ocwen's Motion (Doc. 120), Ocwen respectfully requests that the Motion be granted and a new scheduling order be issued as provided therein and allowing the parties further limited time to complete Plaintiff's deposition, Ocwen's deposition, and expert discovery, and summary judgement motions.[3]

---

[3] Ocwen believes it will be possible to dispose of Plaintiff's claims through summary judgment, following the completion of discovery.

Dated:  June 17, 2019.

**LOCKE LORD LLP**

*/s/ John Michael Kearns*
Elizabeth J. Campbell
Georgia Bar No. 349249
*Email: ecampbell@lockelord.com*
John Michael Kearns
Georgia Bar No. 142438
*Email: john.kearns@lockelord.com*
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305
(404) 870-4600
(404) 872-5547 (fax)

*Attorneys for Defendant*
*Ocwen Loan Servicing, LLC*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing brief has been prepared in compliance with Local Rule 5.1 (B) and (C), using 14-point Times New Roman font.

*/s/ John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

71673658v.4 1006335/01554

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2019, I e-filed the foregoing **REPLY BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND RELATED PRETRIAL DEADLINES** with the Clerk of Court using the CM/ECF system, which will automatically serve the following counsel of record:

Orion Gregory Webb
Smith Welch Webb & White, LLC
Suite 300
280 Country Club Drive
Stockbridge, GA 30281
owebb@smithwelchlaw.com

*/s/ John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

71673658v.4 1006335/01554